Nga Mahfouz Bryant City Attorney 210 S.W. 3rd Street Bryant, Arkansas 72022
Dear Ms. Mahfouz:
You have requested my opinion regarding the Arkansas Freedom of Information Act ("FOIA"). The basis for your request is A.C.A. § 25-19-105(c)(3)(B)(i) (Supp. 2009), which authorizes the custodian, requester, or the subject of personnel or employee evaluation records to seek an opinion from this office stating whether the custodian's decision regarding the release of such records is consistent with the FOIA.
Your letter indicates that someone has made an FOIA request for the "documents reflecting the date of hire of" a particular employee. You have determined that a single document is responsive to that request and you have classified that document as a personnel record that is subject to release given that its release does not constitute a clearly unwarranted invasion of personal privacy.
You ask whether these two decisions are consistent with the FOIA.
RESPONSE
My statutory duty is to state whether the decision of the custodian of records is consistent with the FOIA. I have reviewed the document you intend to release, and in my opinion, your decisions are consistent with the FOIA. *Page 2 
DISCUSSION
A document must be disclosed in response to a FOIA request if all three of the following elements are met. First, the FOIA request must be directed to an entity subject to the act. Second, the requested document must constitute a public record. Third, no exceptions allow the document to be withheld.
The only question here is whether, as you say, there are any exemptions that shield the record from disclosure. The applicable exemption is the one for "personnel records." When assessing this exemption, custodians must first determine whether the public record at issue meets the definition of a personnel record and then whether the applicable test shields that personnel record from disclosure.
The FOIA does not define the term "personnel records." Whether a particular record constitutes a "personnel record" within the meaning of the FOIA is, of course, a question of fact that can only be definitively determined by reviewing the record itself. However, this office has consistently opined that "personnel records" are all records other than employee-evaluation records that pertain to individual employees, former employees, or successful job applicants. You have specifically determined that, in your words, the record "relates to the employee but is not an evaluation or job performance record." In my opinion, this determination is correct.
Therefore, the analysis turns to whether the test for shielding the record is met. According to this test, personnel records must be open to the public except "to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy."[1]
You have specifically determined that, in your words, the disclosure "would not constitute a clearly unwarranted invasion of personal privacy despite the fact that the employee is a minor." In my opinion, this determination is consistent with the FOIA. Public employees have, at best, a minimal privacy interest in their date of hire, regardless of whether that public employee is a minor. Thus, the disclosure of such a date is not a "clearly unwarranted" invasion of personal privacy. *Page 3 
In summary, then, both your decision to classify this document as a personnel record and your application of the personnel-records test are consistent with the FOIA, in my opinion.
Assistant Attorney General Ryan Owsley prepared this opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] See, e.g., Op. Att'y Gen. No. 1999-147; John J. Watkins Richard J. Peltz, THE ARKANSAS FREEDOM OF INFORMATION ACT, p. 187 (m m Press, 5th ed., 2009). *Page 1